UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE MARIE LEBLANC                                            CIVIL ACTION

VERSUS                                                        No. 12-0957

SHERIFF JACK STRAIN, *et al.*                                 SECTION: "A" (4)

### ORDER AND REASONS

Before the Court are the following motions: <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, Alternatively, Rule 56 Motion for Summary Judgment</u> (Rec. Doc. 16) filed by Defendants Rodney Jack Strain, Jr., in his individual and official capacity as Sheriff of St. Tammany Parish; the St. Tammany Parish Sheriff's Office; St. Paul Fire and Marine Casualty Insurance Company; and Marlin Peachy; <u>Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment</u> (Rec. Doc. 19) filed by Defendants Baker Pile Driving and Site Work, L.L.C.; and Robert Wayne Baker. Plaintiff Jane Marie Leblanc opposes both motions. These motions, scheduled for submission on January 30, 2013, are before the Court on the briefs without oral argument. For the following reasons, both motions are **GRANTED**.

**I.     BACKGROUND**

Plaintiff filed this lawsuit *pro se* on April 15, 2012 asserting federal question and pendent claim jurisdiction. Plaintiff has since obtained counsel in this matter (Rec. Doc. 23).

The following facts form the basis of the complaint. Plaintiff Jane Marie Leblanc's son Jonathan Dore died of an apparent[1] heroin overdose on April 18, 2011 while participating in a work

---

[1]The Court notes that Plaintiff's complaint does not describe the cause of Dore's death. This information was obtained through the Defendants' motions and not objected to in Plaintiff's opposition to these motions. No party has supplied the Court with documentary evidence related to the investigation of Dore's death. Defendants have provided the affidavit of Marlin Peachy that Dore was pronounced dead at a Baker Pile Driving worksite, and that the "substance Dore took was

transition program operated by Northshore Workforce L.L.C. ("Northshore") in conjunction with the Louisiana Department of Public Safety and Corrections ("DOC"). Northshore operates a transitional work release program for DOC inmates nearing release. While participating in the program, inmates are administratively released into the custody of Northshore to be placed in private employment and housed at Northshore's facilities. Once employment is found for an inmate, that inmate is transported to and from private worksites by employees of Northshore. On February 14, 2011, Dore was admitted to Northshore's work transition program. On March 3, 2011, Dore began working for Baker Pile Driving and Site Work, L.L.C. ("Baker Pile Driving") as a welder. On Monday, April 18, 2011, after an apparent overdose, Dore was pronounced dead at a Baker Pile Driving worksite. Though Plaintiff's complaint is not greatly detailed, the Court surmises an allegation that Dore had been left at the Baker Pile Driving worksite without any supervision, food, bedding or essentials, at noon on Friday, April 14, 2011–three days prior to his death. Further, the Court gathers that Plaintiff alleges that Dore's death was caused in part by the Defendants' failure to contend for the potential emergency medical needs of work release inmates in their custody and the failure to, at a minimum, register the location Dore was stationed at with the local 9-1-1 system. In response to the instant motions Plaintiff argues that 9-1-1 tapes will prove that Dore suffered from a drastically delayed emergency response. (Rec. Doc. 26 at 7).

Plaintiff asserts that she had a daily and active presence in Dore's life and turned to Dore's parole officer for help when she learned that he was having substance abuse problems. Plaintiff states that on January 20, 2011 Dore was taken into custody[2] by the St. Tammany Parish Sheriff's

---

later determined to be heroin." (Rec. Doc. 16-4 at 2-3).

[2]St. Tammany Parish Sheriff's Office records indicate that Dore was arrested on January 20, 2011 for a parole violation.

2

Office to enter a ninety-day turn-around program after testing positive for marijuana. Plaintiff alleges that after Dore was taken into custody however, she was informed that there was a problem placing him in a substance abuse program.

In her complaint, Plaintiff alleges that Sheriff Strain and Northshore's managing member Marlin Peachy are liable for Dore's death because they neglected, failed to properly supervise, care for, and guarantee the safety of Dore while he was in their custody. Plaintiff also alleges that Baker Pile Driving and Robert Wayne Baker ("Baker") are liable for Dore's death because they neglected and failed to properly supervise Dore while he was in their employ. As stated above, Plaintiff alleges that Dore had been left at a Baker Pile Driving worksite without any supervision, food, bedding or essentials, at noon on Friday, April 14, 2011–three days prior to his death; and that Dore's death was caused in part by the Defendants' failure to properly contend for the emergency medical needs of work release inmates in their custody.

Defendants, Strain, in his individual and official capacity as Sheriff of St. Tammany Parish, the St. Tammany Parish Sheriff's Office, St. Paul Fire and Marine Casualty Insurance Company, and Peachy, move this Court to dismiss Plaintiff's claims against them, arguing that Plaintiff has failed to identify any policy or custom of Sheriff Strain in his official capacity that would give rise to liability under Section 1983, and arguing that Plaintiff has failed to allege that either Sheriff Strain or Peachy had any personal involvement in the events surrounding Dore's death and so cannot be held personally liable for his death. Further, these Defendants argue that Plaintiff has failed to identify any duty recognized by state law that either Sheriff Strain, in his individual or official capacity, or Peachy breached. Accordingly, these Defendants move for complete dismissal of all claims brought against them as a matter of law.

Defendants Baker Pile Driving and Baker move this Court to dismiss Plaintiff's Section 1983

claims against them, arguing that Plaintiff has failed to allege a federal or constitutional right that they violated, that Plaintiff has failed to allege that they were acting under color of state law, and that Plaintiff has failed to allege or identify any official policy or custom of the municipality they contracted with that caused the injuries alleged in her complaint. These Defendants move the Court additionally to exercise its ancillary jurisdiction to consider Plaintiff's state law tort claims, and dismiss these claims because, as an employee of Baker Pile Driving and Baker, any cause of action arising from Dore's employment would sound only in workers' compensation law.

For the following reasons, both motions are GRANTED.

## II.    STANDARD OF REVIEW

### II.a.    Rule 12(b)(6) Motions

The Federal Rules of Civil Procedure allow a defendant to seek dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor. *Fernandez–Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir.1993). Rule 12(b)(6) motions to dismiss are disfavored and should be denied unless the moving party can show, beyond a doubt, that the plaintiff can prove no plausible set of facts in support of her claim which would entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal of an action is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011). The complaint need only allege enough facts to move the claim "across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570. Determining whether the allegations of fact render the complaint plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (*quoting Twombly*, 550 U.S. at 556).

II.c.   Rule 12(d)

Federal Rule of Civil Procedure 12(d) states that if matters outside of a Rule 12(b)(6) pleading are "presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d). Further, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Both motions to dismiss were pleaded in the alternative as Rule 56 motions for summary judgment and were initially noticed for submission in the latter-half of November, 2012. No response was timely filed. On December 15, 2012, after enrolling counsel, Plaintiff sought leave of Court to reset the submission date of these motions, thereby granting her a second opportunity to timely file her response. The Court granted this extension and reset both motions for submission on January 30, 2013. The Court notes that this provided Plaintiff, who was now represented by counsel, with ample opportunity to present all material pertinent to the instant motions. Further, given the paucity of well-articulated allegations contained in the complaint, the Court finds it appropriate to consider the extrinsic evidence presented by the Defendants. Accordingly, the Court reviews these motions under the summary judgment standard.

II.c.   Rule 56 Motions

The Federal Rules of Civil Procedure provide that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law" Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Sedgwick James*, 276 F.3d at 759 (citing *Anderson*, 477 U.S. at 248). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir.1994).

To withstand a properly supported motion for summary judgment, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

### III.  LAW AND ANALYSIS

Plaintiff's complaint is for damages and all other just and equitable relief available to her[3]

---

[3] As an initial matter, the Court notes that suvivorship of Section 1983 claims is not covered by federal law. *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978). The parties have not briefed this issue, and so the Court does not have sufficient information to reach it in this Order, but the Court notes that Defendants Baker Pile Driving and Baker in their Answer (Rec. Doc. 13) at page 3, argue as their Twelfth Defense that "[P]laintiff herein has no right of action against these [D]efendants. The decedent listed eight dependents in his completed W-4. . . ." Accordingly, there very well may been a standing issue preventing Plaintiff from prosecuting her Section 1983 claims. As held *infra* though, because the Court is dismissing all of Plaintiff's claims, it finds the standing analysis here moot.

pursuant to 42 U.S.C. §§ 1983, 1985, 1986[4], 1988 and Louisiana negligence law. Section 1983 creates a civil action to remedy the deprivation of rights secured by the United States Constitution and federal laws.[5]

To state a claim under Section 1983, a plaintiff must allege facts tending to show (1) that she has been deprived of a right secured by federal law, and (2) that the deprivation was caused by a person or persons acting "under color of" state law. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). "Under 'color' of law" means under "pretense of law." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464 (5th Cir.2010) (quoting *Screws v. U.S.*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945)). A person acts under color of state law if he misuses "power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Bustos*, 599 F.3d at 464 (quoting *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

Defendants Baker Pile Driving and Baker argue that Plaintiff's cause of action under Section 1983 fails as a matter of law because Plaintiff failed to allege the deprivation of a federally secured right. The Court agrees. Additionally, Defendants Baker Pile Driving and Baker argue that they are

---

[4] Plaintiff has not briefed nor provided any evidence supporting her alleged §§ 1985 or 1986 claims. Accordingly, the Court considers these claims abandoned.

[5]Section 1983 reads: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983.

not governmental actors and that Plaintiff has failed to allege an official policy or custom of a municipality or local government that caused her injury. Again, the Court agrees.

Defendants Baker Pile Driving and Baker however, fundamentally confuse their potential liability and so the Court offers the following brief discussion. In Section 1983 suits against non-municipal/local governmental entities, a Plaintiff merely needs to set forth that he or she has been deprived of a federally secured right, and that this deprivation was caused by a person acting under color of state law. 42 U.S.C. § 1983. It is only when a Plaintiff seeks to establish municipal or local governmental liability that a Plaintiff must show that his or her injury was caused by the operation of a municipal or local governmental custom or policy. *See Monell v. N.Y. City Dep't Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

To the extent that Defendants Baker Pile Driving and Baker have asserted that Section 1983 does not provide a remedy for *purely* private conduct, they are correct. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Private action may however, be deemed state action for purposes of Section 1983 where the challenged conduct may be "fairly attributable to the state." *Bass*, 180 F.3d at 241 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)). The fair attribution test has two parts: first, the deprivation must be caused by the exercise of some right or privilege created by the state or by a person who may fairly be said to be a state actor. *Id.* (quoting *Lugar*, 102 S.Ct. at 2753–54). Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Id.* This may be because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. *Id.* Another test that courts use to determine whether private conduct is chargeable to the state is the nexus or joint action test. Under the nexus or joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the [private actor] that it was a

joint participant in the enterprise." *Bass*, 180 F.3d at 242 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974)).[6]

After applying the fair attribution test and the nexus or joint action test to Plaintiff's allegations against Baker Pile Driving and/or Baker the Court does not find that these Defendants were acting under color of state law. It appears that Plaintiff's son was employed by Baker Pile Driving and/or Baker in connection with a work release program operated by the Louisiana Department of Public Safety and Corrections. While parties have not provided evidence describing the contours of this relationship, the Court cannot, based on the evidence that is before it, find that Baker Pile Driving or Baker could fairly be said to have been state actors when Dore died. The facts seem to indicate that Plaintiff's son died at a Baker Pile Driving worksite. The facts also seem to indicate that while Plaintiff's son was "administratively released into the custody of Northshore to be placed in private employment[,]" (Rec. Doc. 16-4 at 2) (Affidavit of Marlin Peachy), Plaintiff's son may have been under the custody of the state. (*See* Rec. Doc. 16-4 at 4). And, although not argued by Plaintiff, at paragraph nine of the "Conditions of Work Release Agreement" signed by Dore "[f]or the privilege of participating in the St. Tammany Parish Transitional Work Program," Dore attested that he "will remain in the constant custody of the transporting staff, *my employer or one of my supervisors* at all times while I am not on the facility grounds." (*Id.*) (emphasis added). In combination, this is the strongest evidence the Court could cull from the record that Baker Pile Driving or Baker may have been engaged in conduct chargeable to the state. The Court cannot however, conclude that Dore *was* in the custody of Baker Pile Driving or Baker, or that Baker Pile

---

[6]No party has briefed this issue, but the Court finds that neither the state compulsion (or coercion) test, *see Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), nor the public function test, *see Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989), are implicated under these facts either.

Driving or Baker *were* fairly said to be state actors. Because Plaintiff has presented no evidence to establish that Baker or Baker Pile Driving engaged in conduct chargeable to the state, the Court finds that Baker Pile Driving and Baker were not acting under color of state law. Because Baker Pile Driving and Baker were not acting under color of state law, the federal claims brought against these Defendants are dismissed.

Defendants Sheriff Strain[7] and Peachy have been sued in their individual and official capacities. By framing the claims against Defendants in their official capacities, Plaintiff was required to plead and eventually prove that the local government or municipality had a custom or policy that subjected Plaintiff to the deprivation of a federally secured right. *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir.2010) (citing *Monell v. N.Y. City Dep't Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Official capacity suits are simply another way of pleading an action against the specific entity of which the officer is an agent. *Ky. v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Thus, an official capacity action requires more than the deprivation of a federal right—the governmental entity that the official serves is liable under Section 1983 only when the entity itself is a "moving force" behind the deprivation. *Id.* at 166.

As held above, Plaintiff has failed to sufficiently allege the deprivation of any right secured by federal law. Additionally, Plaintiff has failed to sufficiently allege that a local governmental or municipal custom or policy caused the deprivation of a federally secured right. Furthermore, with respect to Peachy, Plaintiff has failed to sufficiently allege that he is an official capable of being sued

---

[7]The Court notes that the St. Tammany Parish Sheriff's Office, one of the several named Defendants, is not an entity capable of being sued. *See Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 283 (5th Cir.2002) (*citing Porche v. St. Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631, 635 (E.D.La.1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit")).

in an official capacity. The Court infers from the complaint that Plaintiff alleges the failure to be prepared for the potential emergency medical needs of work release inmates under the custody of the state, may have been the moving force behind some unspecified deprivation of a federally secured right. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir.1996) ("[Plaintiff's] pro se pleading must be treated liberally as seeking the proper remedy.") (citation omitted). However, even construing Plaintiff's sparse complaint and rambling response in the most favorable light, the Court cannot find that she has pleaded enough facts to state a claim to relief that is plausible on its face, or established a single genuine issue of material fact with respect to any deprivation of a federally secured right. The Court reiterates that a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Sedgwick James*, 276 F.3d at 759. Further, "a complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. Plaintiff, through counsel, was in the best position to identify and prosecute her claims. Since Plaintiff failed to adequately plead and defend her federal claims, the Court dismisses those claims brought against these Defendants sued in this capacity.

      Lastly, Defendants Sheriff Strain, and Peachy have been sued in their individual or personal capacities. Again, Plaintiff's allegations are conclusory at best. Plaintiff has failed to adequately allege that the personal actions of either of these defendants deprived her of a federally secured right. Further, as noted above, it is unclear whether Peachy was even capable of acting under color of state law, which, as set forth *supra*, must be established for Plaintiff to succeed on a Section 1983 claim against him. The Court notes that Section 1983 actions against parties in their individual, or personal, capacities seek monetary relief to be directly recovered from the individual sued for their personal actions. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). That said, Section 1983 provides

affirmative defenses including qualified immunity. Because an adequate allegation of the deprivation of a federally secured right stands as a threshold issue in any Section 1983 cause of action, and because the Court has not been able to identify a specific allegation of the deprivation of a federally secured right, the Court dismisses the action against these Defendants sued in their individual capacities.

Notwithstanding Dore's status as a work release participant, the Court finds the federal claims asserted by Plaintiff have no merit. With respect to the state law claims asserted by Plaintiff, again the record is sparse. Since the Court is dismissing all of Plaintiff's federal claims, the Court declines to exercise its supplemental jurisdiction and is dismissing all of Plaintiff's state law claims without prejudice giving her the opportunity to file her state law claims in state court if she sees fit. *See* 28 U.S.C. § 1367(c)(3); *see also Bass*, 180 at 246 ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims")

Plaintiff in response to the instant motions requested an opportunity to amend her original complaint as it was filed *pro se*. (Rec. Doc. 26 at 12-13). The Court finds that the interests of justice will not be served by prolonging this litigation in federal court. Plaintiff, through counsel, had ample opportunity to review the relevant statutes and case law and adequately prosecute her action if relief was available. Having failed to do that, the Court must dismiss this action.

### IV.    CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, Alternatively, Rule 56 Motion for Summary Judgment (Rec. Doc. 16) filed by Defendants Rodney Jack Strain, Jr., in his individual and official capacity as Sheriff of St. Tammany Parish; the St. Tammany Parish Sheriff's Office; St. Paul Fire and Marine Casualty Insurance

Company; and Marlin Peachy is **GRANTED**. Plaintiff's federal claims are hereby dismissed with prejudice. Plaintiff's supplemental state law claims are hereby dismissed without prejudice.

  **IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment (Rec. Doc. 19) filed by Defendants Baker Pile Driving and Site Work, L.L.C.; and Robert Wayne Baker is **GRANTED**. Plaintiff's federal claims are hereby dismissed with prejudice. Plaintiff's supplemental state law claims are hereby dismissed without prejudice.

  This 15th day of April, 2013.

                    _____
                    JAY C. ZAINEY
                    UNITED STATES DISTRICT JUDGE