```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JANE MARIE LEBLANC                           CIVIL ACTION

VERSUS                                       NO: 12-0957

SHERIFF JACK STRAIN, ET AL.                  SECTION: "A" (4)
```

### ORDER AND REASONS

Before the Court is a <u>Rule 60(b) Motion to Vacate Order and Judgment of Dismissal (Rec. Doc. 42)</u> filed by plaintiff Jane Marie Leblanc. Defendants oppose the motion. The motion, set for hearing on May 7, 2014, is before the Court on the briefs without oral argument.

Plaintiff Jane Marie Leblanc filed this lawsuit to recover damages due to the death of her son, Jonathan Dore. On January 20, 2011, Dore was taken into custody by the St. Tammany Parish Sheriff's Office to enter a ninety-day turn-around program after testing positive for marijuana in violation of his parole. On February 14, 2011, Dore was admitted to participate in a work transition program operated by Northshore Workforce L.L.C. ("Northshore") in conjunction with the Louisiana Department of Public Safety and Corrections ("DOC"). On March 3, 2011, Dore began working for Baker Pile Driving and Site Work, L.L.C. ("Baker Pile Driving") as a welder. On Monday, April 18, 2011, after an apparent drug overdose, Dore was pronounced dead at a Baker Pile Driving worksite.

On April 15, 2012, Plaintiff filed a complaint seeking damages and all other just and equitable relief available to her under federal law and Louisiana state law.  In the complaint, Plaintiff alleges that Sheriff Jack Strain and Northshore's managing member Marlin Peachy are liable for Dore's death because they neglected and failed to properly supervise, care for, and guarantee the safety of Dore while he was in their custody.  Plaintiff also alleges that Baker Pile Driving and Robert Wayne Baker ("Baker") are liable for Dore's death because they neglected and failed to properly supervise Dore while he was in their employ.

Defendants filed motions to dismiss and, alternatively, motions for summary judgment which the Court granted on April 15, 2013.  In that ruling, the Court found that Plaintiff failed to allege the deprivation of any right secured by federal law.  The Court dismissed all of Plaintiff's federal claims with prejudice. Furthermore, the Court declined to exercise its supplemental jurisdiction and dismissed all of Plaintiff's state law claims without prejudice, giving her the opportunity to file those claims in state court if she saw fit.

In the instant motion, Plaintiff moves for the Court to vacate its prior order and judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) allows the Court to relieve a

2

party from a "final judgment, order, or proceeding."[1] The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the trial court.[2] In exercising this discretion, the court must "balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[3] The Fifth Circuit has cautioned that relief under Rule 60(b) is an "extraordinary remedy" because the "desire for a judicial process that is predictable mandates caution in reopening judgments."[4]

Plaintiff argues that she is entitled to relief from the Court's judgment under Rule 60(b)(1) for "excusable neglect." "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."[5] Alternatively, Plaintiff argues that she is entitled to relief under Rule 60(b)(6) for "any other reason that justifies relief." To justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting

---

[1] Fed. R. Civ. Pro. 60(b).

[2] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

[3] *Id.*

[4] *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).

[5] *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394 (1993).

that the party is faultless in what gives rise to the grounds for relief.[6]

Plaintiff contends that she had a case file that contained documents and other information useful to her claims. According to Plaintiff, despite her and her previous counsel's best efforts, they were unable to locate this file for an extended period of time. Plaintiff now argues that her previous counsel opposed Defendants' motions to dismiss without having the file and was therefore unable to bring the weight of her claims before this Court. Plaintiff now seeks relief from the Court's judgment under Rule 60(b)(1) on the basis that the circumstances surrounded the missing case file constitute excusable neglect.

Plaintiff also takes issue with the Court's previous ruling in that it was rendered under a summary judgment standard without any discovery having been conducted in the case. Rule 56(d)(1) provides a procedural mechanism for addressing such a concern, which allows a party to submit via affidavit a request for the court to delay ruling on a motion due to lack of discovery. Plaintiff concedes that her previous counsel failed to comport with Rule 56(d)(1).

In the Court's previous ruling it noted that an adequate allegation of the deprivation of a federally secured right stands as a threshold issue in any cause of action under 42 U.S.C. § 1983. A

---

[6]*Id.* at 393.

review of the Court's previous order dismissing the case reveals that the Court did not look beyond the pleadings to make its determination that Plaintiff failed to allege the deprivation of any federally secured right.  This deficiency in Plaintiff's pleadings provided a basis for the dismissal of Plaintiff's federal law claims under Rule 12(b)(6).

The Court does not find that the circumstances surrounding Plaintiff's missing case file constitute excusable neglect under Rule 60(b)(1).  Furthermore, it is unclear how information from the file would have helped identify the constitutional rights at issue, which Plaintiff failed to identify in her complaint or in her opposition to Defendants' motions.

As previously stated, the pleadings alone provided a sufficient basis for the dismissal of Plaintiff's federal law claims.  The Court considered summary judgment type evidence only for determining the issue of whether the Baker defendants were operating under the color of state law.  But even if this question had been answered in the affirmative, Plaintiff still failed to allege the deprivation of a federally secured right and her federal claims would have been dismissed.  The Court therefore finds no merit in Plaintiff's argument that she was prejudiced by the Court ruling on the motions prior to discovery.

In the instant motion, Plaintiff attempts to claim that violations of her son's Eighth Amendment and Due Process rights are

at issue in this lawsuit. However, the Court does not see how Plaintiff's failure to assert these constitutional violations prior to the instant motion was due to the missing case file or lack of discovery. The Court declines to consider whether Plaintiff could state a plausible claim under the Eighth Amendment and Due Process.

Plaintiff's new counsel, in the post-judgment posture of this case, cannot fill the gaps in Plaintiff's federal claims where her previous counsel failed to do so. "[I]t has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client."[7] Rule 60(b) does not provide a basis for the Court to vacate its prior judgment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that plaintiff Jane Marie Leblanc's Rule 60(b) Motion to Vacate Order and Judgment of Dismissal (Rec. Doc. 42) is **DENIED**.

July 29, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).